(May 20, 2010)

GREENBERG, TRAGER & HERBST, LLP, Appellant, v HSBC BANK USA, Defendant, and CITIBANK, N.A., Respondent. (And a Third-Party Action.) GREENBERG, TRAGER & HERBST, LLP, Appellant, v HSBC BANK USA, Respondent, et al., Defendant. (And a Third-Party Action.) [905 NYS2d 6]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered April 24, 2008 and April 28, 2008, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The motion court correctly found that the administrative return of the misrouted check was not a dishonor triggering the running of HSBC's time to notify plaintiff depositor, so when the bank later learned the check was counterfeit, it properly revoked its provisional settlement and charged the amount against plaintiff's account since the item had not been finally settled (*see* UCC 4-212 [1]). The court properly relied on HSBC's explanation, which was responsive to plaintiff's opposition papers (*see Galdamez v Biordi Constr. Corp.*, 50 AD3d 357 [2008]), that the "insufficient funds" designation on the computer-generated backing affixed to the returned imaged check bearing a "sent wrong" notation was merely a default setting that did not accurately reflect the reason for the return. Even if, arguendo, an HSBC employee misrepresented that the check had cleared, plaintiff's reliance on such representation in wiring funds to an offshore account, causing it to suffer damages when unable to recover such funds, does not give rise to a claim against the bank for negligent misrepresentation absent a fiduciary relationship, which does not exist between a bank and its customer (*see Dobroshi v Bank of Am., N.A.*, 65 AD3d 882 [2009]). If, as plaintiff maintains, principles of estoppel should govern the allocation of loss, then it was in the best position to guard against the risk of a counterfeit check by knowing its "client," its client's purported debtor and the recipient of the wire transfer. Instead, it expended scant effort at researching any of them, and engaged in the subject transaction pursuant to the client's exhortation to act "ASAP" and that time was of the essence, despite never having received its requested confirmation that the transaction was indeed legitimate.

The court also properly relied on the uncontroverted explanation by Citibank that its personnel who reviewed the routing were not in a position to discern whether the check was counterfeit, so even though that same day they returned a number of checks with the same face amount, there was at that time no reason for Citibank to notify HSBC.

We have considered plaintiff's other contentions and find them unavailing. Concur—Gonzalez, P.J., McGuire, DeGrasse and Manzanet-Daniels, JJ.